IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A-0185087, | ) ) ) | CIV. NO. 19-00605 JAO-WRP |
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JESSE MACADAMIA, et al., | ) ) | |
| Defendants. | ) ) | |

## **DISMISSAL ORDER**

Before the Court is pro se Plaintiff Francis Grandinetti's ("Grandinetti['s]") prisoner civil rights "Complaint: Illegal IAD and UCEA process, for HPA and DPS-HI custody or extradition." ECF No. 1. Grandinetti is a Hawaiʻi state prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, pursuant to a contract between the Hawaiʻi Department of Public Safety and SCC. For the following reasons, the Complaint and this action are DISMISSED without prejudice.

## **I. DISCUSSION**

Grandinetti received notice on August 1, 2019, that he would be scheduled

for a parole hearing in October 2019. ECF No. 1 at 2. On October 3, 2019, Grandinetti received a NOTICE OF HEARING, advising him that the parole hearing was scheduled for October 24, 2019, and providing him information relevant to this hearing, such as his ability to request and be appointed counsel, consult with any person, appear in person, or waive these rights. ECF No. 1 at 9. Grandinetti refused to sign the HPA form. *See* ECF No. 1 at 12.[1] He now apparently challenges procedures that may be or were used at his October 24, 2019 parole hearing.

Grandinetti says that he does not wish to be paroled to Hawaiʻi, which he does not recognize, but prefers to be paroled in New York, although he believes his parole hearing should be held in Hawaiʻi, not at SCC. ECF No. 1 at 1. He also claims that he is too sick to attend a parole hearing; his exhibits show that he has repeatedly requested that the parole hearing be postponed for sixty days; and his exhibits and statements show that he often refused to attend parole hearings in the past. *See generally* ECF No. 1. It is unclear whether Grandinetti attended the October 24 parole hearing, or whether it has been postponed until December 2019, as he requested.

---

[1] The Court refers to the pagination assigned to filed documents by the Federal Judiciary's electronic case filing and management system (CM/ECF).

## A.     28 U.S.C. § 1915(g)

Grandinetti did not submit the filing fee or an application to proceed in forma pauperis with his pleading.  Grandinetti, however, has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[2] and has been notified many times of these strikes and their effect on his pleadings.  Thus, Grandinetti may not proceed without payment of the filing fee, unless his pleadings show that he was in imminent danger of serious physical injury at the time that he brought this prisoner civil rights action.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007).

Nothing within Grandinetti's pleadings suggests that he is or was in imminent danger of serious physical injury when he filed this action, or that there is a continuing practice that injured him in the past that poses an "ongoing danger." *Id.* at 1056.  He may not proceed in this civil rights action without full payment of the civil and administrative filing fee of $400.

## B.     Failure to State a Colorable Claim for Relief

Further, Grandinetti's Complaint is virtually devoid of claims for relief or

---

[2] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

facts from which a claim could be liberally construed, and is subject to dismissal for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although unclear, to the extent Grandinetti seeks damages under § 1983 for the alleged procedural deficiencies in the parole hearing he challenges, such claims are barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which prohibits § 1983 plaintiffs from raising a claim for damages, that, if successful, would necessarily imply the invalidity of his conviction or sentence. To bring such a claim, Grandinetti must first demonstrate that the conviction or sentence that he challenges has been reversed, expunged, or otherwise invalidated. *See Heck*, 512 U.S. at 486-87; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("[A] challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement[.]"). Thus, because Grandinetti's claim is a "collateral attack on his denial of parole and subsequent incarceration," it is barred by *Heck* in a § 1983 proceeding. *Butterfield*, 120 F.3d at 1024 (footnote omitted).

To the extent Grandinetti brings this action to challenge the fact or duration

4

of his sentence, which again, is not clear, his sole federal remedy is a writ of habeas corpus. Suit under 42 U.S.C. § 1983 is inappropriate. *See Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act." (brackets and citation omitted)); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus." (citation and footnote omitted)). Grandinetti may not pursue an order directing his release from custody through a § 1983 action. Nor will this Court construe this action as seeking habeas relief based on its vague and incoherent claims about a parole hearing that does not make clear whether Grandinetti attended the hearing, was denied parole, and has challenged this decision in the state courts as is required before he raises such a claim here.

## II. CONCLUSION

(1) This action is DISMISSED without prejudice for Grandinetti's failure to pay the full civil and administrative filing fee of $400 as required by 28 U.S.C. § 1914(a).

(2) The Clerk is DIRECTED to close this case. The Court will take no further action herein beyond processing a notice of appeal.

5

(3)  Grandinetti may re-open this case if he pays the full $400 civil and administrative filing fee on or before December 30, 2019.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, December 3, 2019.



Jill A. Otake
United States District Judge

*Grandinetti v. Macadamia, et al.*, No. 1:19 cv 00605 JAO WRP; 3 Stks '19 ( 1983 no imm. dgr  ftsc)